UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ARDAE HINES,

                        Plaintiff,                      **ORDER**

  - against -                                        No. 20-CV-10064 (CS)

UNITED STATES OF AMERICA,            No. 17-CR-364-2 (CS)

                        Respondent.
-------------------------------------------------------------x

Seibel, J.

      Before the Court is Petitioner Ardae Hines' motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, (Doc. 563 ("Pet.")), and the Government's opposition thereto, (Doc. 598), as well as defense counsel's affirmation, (Doc. 591).[1]  Petitioner alleges that he received ineffective assistance of counsel during motion practice, in connection with his plea, at sentencing, and based on the failure to file a notice of appeal.

      Defendant pleaded guilty on February 7, 2019, pursuant to a plea agreement in which he stipulated to a Sentencing Guidelines range of 210-262 months' imprisonment, based on his offense level of 32 and his criminal history category of VI.  (Doc. 598-1 at 5.)  He was sentenced on July 31, 2019, principally to 180 months' imprisonment, and judgment was entered on August 1, 2019.  (Doc. 434.)  The instant Petition was filed on November 30, 2020.

      A federal prisoner seeking relief under § 2255 generally must file the motion within one year from the latest of four benchmark dates:  (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if that right has been made

---

[1] All docket references are to No. 17-CR-364.

retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2255(f).  Equitable tolling may be available to excuse an untimely petition, but only where "the petitioner shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  *Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  If the requirements for neither § 2255(f) nor equitable tolling are met, Petitioner's claim may be heard only if he shows he is actually innocent.  *See United States v. Flower*, No. 14-CR-108, 2019 WL 5957883, at *5 (D. Vt. May 23, 2019) ("Given that Flower's Motion is barred by the statute of limitations set forth in 28 U.S.C. § 2255(f)(1)-(4), to obtain relief she must establish that she is either actually innocent of her conviction or that she is entitled to equitable tolling of the statute of limitations."); *United States v. Torres*, No. 11-CR-389, 2017 WL 78513, at *2 (S.D.N.Y. Jan. 9, 2017) (referring to "the actual innocence gateway through [the] statute of limitations" of the Antiterrorism and Effective Death Penalty Act).[2]

      The Judgment in Defendant's case was entered on August 1, 2019.  (Doc. 434.)  Because he did not appeal (consistent with his plea agreement), that conviction became final on August 15, 2019.  *See United States v. Wright*, 945 F.3d 677, 683 (2d Cir. 2019) (conviction becomes final fourteen days after entry of judgment if no appeal filed, and time to file *habeas* petition runs one year later), *cert. denied*, 140 S. Ct. 1234 (2020); *see also* Fed. R. App. P. 4(b)(1) (allowing fourteen days to file notice of appeal from judgment of conviction).  Petitioner's time to file under § 2255 thus ran on August 15, 2020, under § 2255(f)(1), unless one of the other provisions of § 2255(f) applies.

---

[2] The Court will send Petitioner copies of all unpublished decisions cited in this Order.

Defendant suggests only that pandemic-related restrictions on access to the law library and legal assistants in prison excuse his failure to timely file, as government-induced impediments to making his motion.  That argument fails.  The pandemic is plainly not government-created, and I do not regard steps taken in the interest of health and safety as government-induced impediments.  *See United States v. Leggio*, No. 17-CR-41, 2021 WL 694806, at *3 (M.D. Pa. Feb. 22, 2021) (untimely motion not excused under § 2255(f)(2) because pandemic clearly not impediment created by government action), *appeal filed*, No. 21-1572 (3d Cir. Mar. 29, 2021).  Further, thousands of prisoners, including many at the institution where Petitioner was housed,[3] were able to file motions for compassionate release and other applications during the pandemic despite restrictions.  *See United States v. Shumate*, No. 18-CR-0645, 2021 WL 1851849, at *2 (D.N.J. May 7, 2021) ("The Court received many petitions from federal prisoners between March and October 2020.").  Petitioner points to no reason why he could not have filed a petition – even a bare-bones one – and then asked for additional time to supplement it.  Given that he was aware of the facts on which his Petition is based at the time his conviction became final, there was no impediment (government-induced or otherwise) to his timely filing.

I next consider whether equitable tolling might excuse the untimely filing.  "[E]quitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely

---

[3] Actual COVID cases at USP Hazelton, where Petitioner was housed until this year, were minimal until the end of 2020, according to the Department of Justice Office of Inspector General COVID-19 Dashboard.  *Dashboards of BOP COVID-19 Cases*, U.S. Dep't Just. Off. Inspector Gen., https://oig.justice.gov/coronavirus (last visited June 15, 2021) (follow "Visit Dashboards" hyperlink; then click "Facility Case Trends"; then select "FCC Hazelton" from dropdown).

action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). "Equitable tolling applies only in rare and exceptional circumstances." *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000) (cleaned up). "The threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Lombardo v. United States*, 860 F.3d 547, 551 (7th Cir. 2017) (cleaned up).

> The word "prevent" requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.

*Valverde*, 224 F.3d at 134. Thus, even if there are extraordinary circumstances, "the link of causation between the extraordinary circumstances and the failure to file is broken" if the petitioner seeking equitable tolling has not exercised reasonable diligence. *Id.* The Court "examines the petitioner's diligence not only during the time he seeks to have equitably tolled but also during the time up to and including the date of filing." *Adkins v. Warden*, 585 F.Supp.2d 286, 300 (D. Conn. 2008), *aff'd*, 354 F. App'x 564 (2d Cir. 2009) (summary order). While the effects of the COVID-19 pandemic could conceivably present extraordinary circumstances, "[a] petitioner cannot meet his burden of establishing that a court should apply the doctrine of equitable tolling simply by making a passing reference to the pandemic or the resulting lockdown." *United States v. Aigbekaen*, No. 15-CV-462, 2021 WL 1816967, at *1 (D. Md. May 6, 2021).

Petitioner refers to information he sought in January and February 2020 – specifically, his plea agreement, bail hearing transcript and sentencing transcript, (*see* Docs. 500, 507) – but "courts have held that lack of access to legal materials or papers does not constitute an extraordinary circumstance that warrants equitable tolling," *Morales v. Bradt*, No. 11-CV-329, 2013 WL 600176, at *4 (W.D.N.Y. Feb. 11, 2013) (collecting cases). Even if a lack of materials

4

could in some instances amount to an extraordinary circumstance, Petitioner's claim fails because he does not identify any information he needed to file his petition; indeed, the late-filed petition does not refer to or attach any of the documents he obtained, and is based entirely on facts allegedly known to Petitioner himself.  *See United States v. Fanning*, No. 16-CR-257, 2021 WL 1890700, at *4 n.3 (D.S.C. May 11, 2021) (petitioner did "not suggest any arguments he might have been able to make but could not because of" challenges presented by pandemic), *appeal filed*, No. 21-6871 (4th Cir. June 3, 2021).  He "has failed to demonstrate the causal connection between [his lack of] legal papers . . . and [his] delay in filing the *habeas* petition . . . .  Notably, Petitioner does not explain how the allegedly-withheld legal papers were even necessary in the preparation of the instant petition . . . ." *Morales*, 2013 WL 600176, at *4; *see Lee v. Portuondo*, No. 02-CV-3990, 2003 WL 22173078, at *5 (E.D.N.Y. Aug. 29, 2003) (no tolling where petitioner made no effort to explain why missing records were necessary to advance claims in petition).

Likewise, "restricted access to library facilities does not merit equitable tolling," *Cross v. McGinnis*, No. 05-CV-504, 2006 WL 1788955, at *6 (S.D.N.Y. June 28, 2006), nor does "limited access to legal assistance," *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002).  Despite limited library or law clerk access, "there is no reason to believe that Defendant could not prepare and submit a simple one-paragraph document to preserve his rights under § 2255." *Shumate*, 2021 WL 1851849, at *2 (cleaned up).  Indeed, the petition as filed was based entirely on facts purportedly known to Petitioner all along, with no case citations or legal analysis that might have required library access.  "Defendant puts forth no reason as to why he specifically could not file a § 2255 motion, or even his motion for an extension of time to file

one,[4] before the statute of limitations expired. Under these circumstances, equitable tolling is not warranted." *Id.*; *see Taylor v. United States*, 20-CV-1489, 2021 WL 1164813, at *3 (E.D. Mo. Mar. 26, 2021) (no equitable tolling from inability to access law library during COVID-19 lockdown), *reconsideration denied*, 2021 WL 2142461 (E.D. Mo. May 26, 2021).

Further, Petitioner had seven months before the pandemic during which he could have filed his Petition. *See Donald v. Pruitt*, No. 20-1435, 2021 WL 1526421, at *3 (10th Cir. Apr. 19, 2021) (no equitable tolling where petitioner did not show that he was pursuing his rights diligently throughout one-year window, including before COVID-19 restrictions went into place); *Piper v. United States*, No. 16-CR-278, 2021 WL 1250328, at *2 (N.D. Tex. Apr. 5, 2021) (Petitioner "does not offer any explanation of what happened during the nine months prior to January 2020, when he should have been preparing his motion. He does not cite to any impediment not of his own making that prevented him from timely filing his motion. He is not entitled to equitable tolling."), *appeal filed*, No. 21-10490 (5th Cir. May 10, 2021); *United States v. Barnes*, No. 18-CR-154, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) ("COVID-19 measures have been in effect since March 2020, and defendant could have filed his motion long before March 2020."), *certificate of appealability denied*, 831 F. App'x 425 (10th Cir. 2020) (unpublished order).

In short, the factors to which Petitioner points do not, individually or collectively, rise to the level necessary to excuse his failure to file his petition within the one-year limitations period.[5] *See, e.g.*, *Willard v. Indus. Air, Inc.*, 20-CV-823, 2021 WL 309116, at *4 (M.D.N.C.

---

[4] Petitioner submitted a letter requesting equitable tolling in mid-September 2020, (Doc. 555), but the one-year period had already run.

[5] After the Government opposed the Petition on grounds of untimeliness, among other things, Petitioner submitted no reply.

Jan. 29, 2021) ("[C]ourts that have considered the issue have not found that the COVID-19 pandemic justifies equitable tolling absent a corresponding showing that the pandemic prevented the plaintiff from timely filing suit."); *United States v. Henry*, No. 17-CR-180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020) ("The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion."), *appeal filed*, No. 21-1285 (3d Cir. Feb. 18, 2021); *Stanley v. Saul*, No. 20-CV-499, 2020 WL 6140552, at *4 (W.D. Mo. Oct. 19, 2020) (no equitable tolling when "Plaintiff . . . does not specifically explain how COVID-19 shutdowns or related issues prevented her from [filing]").

Finally, Petitioner says (although not in the portion of the Petition addressed to timeliness) that he is actually innocent. "The Supreme Court has made clear that the actual innocence exception is very narrow and is concerned with actual as compared to legal innocence. The exception, therefore, does not apply where the petitioner merely makes a legal argument." *Darby v. United States*, 508 F. App'x 69, 71 (2d Cir. 2013) (summary order) (cleaned up). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner does not make any non-frivolous argument that he did not commit the acts underlying his conviction, so the actual-innocence gateway around § 2255(f) is not available to him.[6]

---

[6]Petitioner states that he "was completely innocent of all charges," (Pet. at 15), but that claim is contradicted not only by his own statements at his guilty plea, *see United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001) (*per curiam*) (district court entitled to rely on defendant's sworn statements in open court that contradicted claim); *Salerno v. Berbary*, 389 F. Supp. 2d 480, 484-85 (W.D.N.Y. 2005) (rejecting *habeas* challenge where allegations were contradicted by petitioner's sworn statements at plea; "[a] trial court may fairly rely upon a

Because the Petition is untimely, I need not reach the merits, except to say that in the main, for the reasons set forth by the Government, his claims are belied by his own statements and/or those in the detailed affirmation of his counsel, and/or did not result in prejudice to him.

## CONCLUSION

For the reasons stated above, the Petition is denied.  As Petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253; *Mathews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).  The Clerk of Court is respectfully directed to:  (1) docket this Order in No. 17-CR-364 and No. 20-CV-10064; (2) terminate Doc. 563 in No. 17-CR-364; (3) close No. 20-CV-10064; and (4) send a copy of this Order to Ardae Hines, No. 79260-054, FCI Allenwood Medium, Federal Correctional Institution, P.O. Box 2000, White Deer, PA 17887.

**SO ORDERED.**

Dated: June 16, 2021
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[petitioner's] sworn statements made in open court"), but by his attorney's declaration and the Government's representations regarding the evidence against him.  Petitioner provides no reason to disbelieve any of those sources of information.  He also provides no explanation for why, if indeed he was innocent, he wanted the ten-year deal he claims counsel promised him.  He "supplies no evidence . . . to support a bid for application of the actual innocence exception . . . . [His] own say-so falls far short of evidence which shakes this Court's confidence in the outcome of his [case]."  *Miller v. Pollard*, No. 19-CV-126, 2020 WL 291957, at *4 (E.D. Wis. Jan. 21, 2020), *certificate of appealability denied sub nom. Miller v. Radtke*, No. 20-1290, 2020 WL 8615362 (7th Cir. Dec. 1, 2020), *cert. denied*, No. 20-7809, 2021 WL 2302063 (U.S. June 7, 2021); *see McClain v. Reagans*, 11-CV-50, 2011 WL 4454929, at *2 (S.D. Miss. Sept. 23, 2011) (petitioner's say-so insufficient to establish actual-innocence exception to limitations period).